HEMAN CARPENTER *v.* NORTHFIELD BANK.

*United States Legal Tender Notes.   Tender.   Payment.*

The law of Congress making treasury notes a legal tender, *held* constitutional. United States legal tender notes, so called, are a valid tender in payment of the bills of a state bank.

ASSUMPSIT.   The case came before the court at the March Term, 1865, PECK, J. presiding, upon an agreed statement of the case in writing.   The only question raised was whether United States legal tender notes, so called, were a valid tender in payment of the ·bills of the bank.   The court rendered judgment for the defendant. Exceptions by the plaintiff.

It appeared in the statement of facts that the plaintiff presented at the counter of said bank in Northfield, the several sums mentioned in his declaration for redemption, and demanded gold or silver therefor; that when so presented the bank, by its cashier, offered to redeem the same in United States legal tender notes, and tendered to him the same, but the plaintiff refused on each occasion to receive payment in that way, and left the bank with his bills. The plaintiff retained said bills in his possession, and brought the same into court for the defendant. The legal tender notes, so offered to be paid to the plaintiff, the defendants retained in their possession, ready at all times to be paid to the plaintiff for his said bills on the defendants' bank, when he would receive the same, and brought the same into court for the plaintiff.

*H. Carpenter* and *Wing & Lund*, for the plaintiff.

1. This action is predicated upon chapter 84, section 83, Compiled Statutes. It is to be noticed that banks are monied corporations and creatures of express statute. Their bills *are money*, and it is competent for the legislature to regulate their redemption. The legislature having said, if they neglect or delay payment in gold or silver money, they shall be liable to pay the bill-holder twelve per cent. interest as damages for such neglect or delay, nothing but gold or silver money is a legal tender to exonerate banks from the payment of the twelve per cent. as damages.

2. The constitutionality of the law making Treasury notes a legal tender is not necessarily involved in the question at bar. This being a remedy given by statute, and resting in damages by force of the statute, should it be claimed that it is a matter of contract between the bill holder and the bank, then we say their contract was to redeem in, or pay gold or silver money, and the act of congress impairs that obligation and is void. See *Warren* v. *Paul*, Am. Law Reg. Jan. No., 1865, p. 157, and notes by Judge Redfield; *Reynolds* v. *Bank of the State of Indiana*, Am. Law Reg. Vol. 1, N. S., p. 669. The supreme court of the state of Kentucky have held the act of congress unconstitutional in relation to banks, etc.

3. The legislature of this state have taken our view of the case,

in providing in the General Statutes, chapter 89, section 34, p. 569, that banks shall redeem in gold or silver money, or United States legal tender notes.

4. Banks are monied corporations, their bills circulate as money, and it could not have been the intention of congress that state banks should use the currency of the general government to redeem their bills. The faith of the state and the good faith of the bank, ( if soulless corporations have any ) require it to redeem its promises in just what the state have said it should.

*G. M. Fisk, Peck & Fifield* and *Redfield & Gleason,* for the defendant.

I. The offer to redeem the bills presented, with what congress had declared a legal tender, was a full compliance with the statute. Sec. 33 G. S. p. 569. *a.* That congress had the constitutional power to declare Treasury notes, a legal tender, has been so uniformly adjudged by the courts that we do not deem it an open question.

It has been so adjudged by the highest courts of New York, Massachusetts, California, Indiana, Wisconsin ; also, Michigan. *Van. Husan* v. *Kanouse,* 13. Mich. R. ( Law Reg. July, 1865, p. 571.) Also see Am. L. Reg. February, 1865, p. 233.

II. It is claimed that the statute at that time required the bills to be redeemed in gold and silver. But gold and silver were at the time the statute was passed, the only legal currency. But Treasury notes have been declared by paramount law, a substitute for gold and silver coin, and a legal tender in the discharge of all duties, imposed either by *contract* or by *law.* At the time the legal tender act was passed, contracts, executions, fines, all duties imposed by law, or arising from contract, could be discharged only by gold and silver coin, such was the law of the land ; but that law was modified by act of Congress, and the bank fully complied with the law, at the time the bills were presented. See note : *Warren v. Paul,* Am. L. Reg., January, 1865, p. 163 ; *Ib. Carpenter* v. *Atherton,* February, 1865, p. 233.

Carpenter *v.* Northfield Bank.

The opinion of the court was delivered by

PIERPOINT, Ch. J.   The constitutionality of the law of congress making Treasury notes a legal tender, has not been discussed to any considerable extent on either side, in the argument of this case; the plaintiff basing his right to recover mainly upon another ground, but as the constitutionality of the law is not conceded, it becomes necessary for us to pass upon it.

It will not be expected, on so slight an examination, and discussion, as counsel have seen fit to bestow upon it, that I shall enter into any lengthy consideration of the reasons upon which our decision of the question is based.

The question has been repeatedly raised before the judicial tribunals of the neighboring states; it has been learnedly discussed and fully considered before and by those tribunals; it has also been extensively discussed by eminent jurists outside of the courts.   The result has been, almost uniformly, decisions and conclusions in favor of the constitutionality of the law.

In view of these decisions, the importance of the question, the magnitude of the interests to be affected, the reasons and necessities that led to its enactment, we should feel strongly impelled to sustain the law even if we had doubts in regard to it.

We shall therefore hold the law to be constitutional until the question shall be finally settled by the supreme court of the United States.

It is however insisted by the plaintiff, that conceding the law of the United States to be constitutional, he is entitled to recover in this case under the statute law of this state.

By the statute that was in force at the time when the bills were presented by the plaintiff, it was provided that if the officers of any bank shall refuse or delay payment in gold or silver, of any bill or note presented for payment, the said bank shall be liable to pay the holder of such bill or note, as damages, at the rate of twelve, per cent. a year, etc.

It may be observed that it was not the object of this statute to declare in what currency the banks should redeem their bills, as the statute did not change the law in that respect.   The banks were before

bound to redeem their bills in gold or silver, just as all persons were bound to pay their debts in gold or silver if required.

The object of the law was to compel the banks to redeem their bills, by creating a liability in case of their refusal, that should make it for their interest to do so. And the effect of the law would have been precisely the same if the words " in gold or silver " had been omitted. Those words were inserted in the statute undoubtedly because gold or silver was the only currency with which, at that time, a money debt could be legally paid without the assent of the creditor. It evidently was not the intention of the legislature to place the banks upon any other footing in regard to the redemption of their bills, than that on which all debtors stood, as to the payment of their debts, and that is, that they shall pay their debts in the established legal currency of the country.

When congress, by law, declares that Treasury notes shall be a legal currency, and in the payment of all debts the equivalent of gold and silver then a payment or tender of payment in such notes must be legally regarded the same as though made in gold or silver, and the effect upon the rights of the parties the same.

There is nothing in the law of congress upon which a distinction can be based between the note of a banking corporation and the note of an individual; neither is there anything in the nature of the case that should make a difference. The bank note, it is true, passes in the ordinary transactions of life as a substitute for money, but this does not result from any difference in the legal nature of the obligation, but from the confidence the public have in the solvency of the maker, and the convenient form for circulation in which they are got up. And there seem to be no considerations of public policy that require a distinction to be made, but rather the reverse.

Judgment of county court affirmed.